## Shershen v. Patterson

James B. Ceris, for plaintiffs.
Ralph E. Smith, for defendant.

WILSON, P. J., August 7, 1945.—The matter under consideration is an affidavit of defense raising questions of law, which was duly before the court en banc upon argument c. a. v.

Defendant complains that there is a misjoinder of actions in the above-entitled suit in assumpsit. This is a case where both plaintiffs and defendant are each half right. The statement of claim discloses clearly that two plaintiffs each had a separate and distinct contractual relation with defendant, entitling each to a separate action. Plaintiffs cannot join themselves in one action, and ordinarily objection to it should be sustained. In this defendant is right, keeping in mind the word "ordinarily".

But the situation of plaintiffs is not ordinary. The statement of claim is in form and in fact two separable and distinct statements, without any commingling whatsoever. Only by joint trial could defendant possibly suffer prejudice. This was not the situation in our case of Nastas et al. v. Unatin 7 Up Company, which contained more than two actions not separable in the pleadings and containing nothing to enable us to allow any one plaintiff to remain in court. Besides, the statute of limitations had not run as in the instant case.

Defendant's principal reliance is upon the opinion of Mr. Justice Linn in Morris v. Halford, 352 Pa. 138. We do not think this rules what we are about to order. The Morris case came before the Supreme Court after trial and verdict, and it was very properly held that the various actions in trespass could not be tried together. That will not happen here, as we are going to sustain the objection as to the action of Mary Shershen, and permit the action of Stephen Shershen to stand, giving defendant 30 days from the date hereof within which to file an affidavit of defense on the merits.